UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
--------------------------------------------------------------------x
JEFFREY SIEGEL and RICHARD SIEGEL,                    Case No.: 12-CV-5306

                     Plaintiffs,

        -against-                                    Civil Action

ANNETTE APERGIS, UNITED STATES OF
AMERICA, FEDERAL DEPOSIT INSURANCE
CORPORATION as Receiver for Washington Mutual
Bank, DLJ MORTGAGE CAPITAL INC., FLORENCE
CORP. d/b/a FLORENCE BUILDING MATERIALS,        **COMPLAINT**
SAMUEL FELDMAN LUMBER CO., INC. d/b/a
FELDMAN LUMBER, COASTAL CAPITAL CORP.
INTERAMERICAN MORTGAGE CORP., and JUNE
SIEGEL, Individually and as Representative of the
Estate of Seymour Siegel,

                     Defendants.
--------------------------------------------------------------------x

       Plaintiffs, complaining of the defendants by MASSOUD & PASHKOFF, LLP,

their undersigned attorneys, state and allege as follows:

## **NATURE OF THE ACTION**

       1.    Plaintiffs bring this action, pursuant to FRCP Rule 69 and Articles 52, 62

and 65 of the New York Civil Practice Law and Rules ("CPLR"), seeking to enforce a

judgment entered in their favor against defendant Annette Apergis by the Supreme Court,

County of Kings in an action titled <u>Blue Ridge Farms v. Kontogiannis,</u> Index No.: 23246-

2008 (the "<u>Blue Ridge Action</u>") on May 17, 2012, in the amount of $6,288,756.15 (the

"Judgment"), and a declaration and determination of the validity, rights, interests and

priorities of the parties hereto in property subject to satisfaction of said Judgment.

## JURISDICTION AND VENUE

2. Jurisdiction in this Court is proper, pursuant to 28 U.S.C. § 1346, in that this action involves the United States of America as a defendant; and, pursuant to 12 U.S.C. § 1819, in that this action involves the Federal Deposit Insurance Corporation as a defendant.

3. Venue in this Court is proper, pursuant to 28 U.S.C. § 1402, in that this is an action against the United States where the property at issue is located in this district; and, pursuant to 28 U.S.C. § 1391, in that most of the defendants reside in this district.

## PARTIES TO THE ACTION

4. Plaintiff Jeffrey Siegel is a natural person, a resident of the State of New York, and judgment-creditor of Annette Apergis pursuant to the Judgment.

5. Plaintiff Richard Siegel is a natural person, a resident of the State of Indiana, and judgment-creditor of Annette Apergis pursuant to the Judgment.

6. Defendant Annette Apergis ("Apergis") is a natural person, a resident of the State of New York, residing at 12 Woodfield Lane, Old Brookville, New York, and a judgment-debtor of plaintiffs Jeffrey Siegel and Richard Siegel pursuant to the Judgment.

7. Defendant United States of America ("USA") is the sovereign government of the territory known as the United States of America, with its seat located in the District of Columbia.

8.      Defendant Federal Deposit Insurance Corporation ("FDIC") is a federal agency, established under 12 U.S.C. §§ 1811, et seq., and, on September 25, 2008,  was appointed as the  receiver for Washington Mutual Bank, an insured depository institution pursuant to 12 U.S.C. § 1813(c)(2).

9.      Defendant DLJ Mortgage Capital Inc. ("DLJ") is a Delaware corporation, with its principal place of business located at 11 Madison Avenue, New York, New York.

10.     Defendant Florence Corp. d/b/a Florence Building Materials ("Florence") is a New York corporation, with its principal place of business located at 1647 East Jericho Turnpike, New York.

11.     Defendant Samuel Feldman Lumber Co., Inc. d/b/a Feldman Lumber ("Feldman") is a New York corporation, with its principal place of business located at 1281 Metropolitan Avenue, Brooklyn, New York.

12.     Defendant Coastal Capital Corp. ("Coastal") is an inactive New York corporation, having been dissolved by proclamation/annulment of authority on January 25, 2012, with a principal place of business located at One Plaza Road, Greenvale, New York.

13.     Defendant Interamerican Mortgage Corp. ("IMC") is a New York corporation, with a principal place of business located at One Cross Island Plaza, Rosedale, New York.

14.     Defendant June Siegel ("June") is a natural person and a resident of the State of Florida.

## FACTS COMMON TO ALL COUNTS

15.     Defendant Apergis is the owner of certain real property located in the State of New York, County of Nassau, described as Block J-7, Lot 870, known by its street address as 16 Woodfield Lane, Old Brookville, New York (the "Woodfield Property").

16.     Apergis acquired title to the Woodfield Property by way of a deed dated June 20, 2005, recorded with the Nassau County Clerk's Office on March 1, 2007.

17.     By way of mortgage dated June 20, 2005, recorded with the Nassau County Clerk's Office on March 1, 2007, defendant Apergis granted Coastal a security interest, in the amount of $500,000.00, in the Woodfield Property (the "Coastal Mortgage").

18.     Defendant Apergis is the owner of certain real property located in the State of New York, County of Queens, described as Block 13204, Lot 112 , known by its street address as 134-20 241st Street, Rosedale, New York (the "134-20 Property").

19.     Defendant Apergis acquired title to the 134-20 Property by way of a deed dated October 3, 2002, recorded with the Queens County Clerk's Office on July 12, 2007.

20.     By way of mortgage dated October 3, 2002, recorded with the Office of the City Register, County of Queens on July 12, 2007, defendant Apergis granted defendant IMC a security interest, in the amount of $232,000.00, in the 134-20 Property.

21.     Defendant Apergis is the owner of certain real property located in the State of New York, County of Queens, described as Block 13204, Lot 114 , known by its street address as 134-22 241st Street, Rosedale, New York (the "134-22 Property").

22.     Apergis acquired title to the 134-22 Property by way of a deed dated May 29, 2003, recorded with the Queens County Clerk's Office on January 11, 2007.

23.     By way of mortgage dated May 29, 2003, recorded with the Office of the City Register, County of Queens on January 11, 2007, Apergis granted defendant IMC a security interest, in the amount of $245,000.00, in the 134-22 Property.

24.     On January 27, 2009 defendant Florence filed with the Nassau County Clerk's Office a transcript of a judgment entered against defendant Apergis in the Supreme Court, County of Suffolk, in the amount of $89,923.86, which was docketed as a lien against the Woodfield Property.

25.     On June 19, 2009 defendant USA filed with the Nassau County Clerk's Office a judgment by confession entered against defendant Apergis in the Supreme Court, County of Nassau, in the amount of $4,000,000.00, which was docketed as a lien against the Woodfield Property (the "USA Judgment").

26.     The USA Judgment was granted as security to ensure the appearance of defendant Apergis' husband, Elias Apergis, in a criminal action brought in the United States District Court, Eastern District of New York, titled United States v. Elias Apergis, Criminal Case No.: 09-cr-360 (the "Criminal Action").

27.     Elias Apergis complied with the terms of his appearance bond in the Criminal Case and is presently serving a 20-month prison term following his guilty plea in such action.

28.     On July 29, 2010 defendant Feldman filed with the Nassau County Clerk's Office a transcript of a judgment entered against defendant Apergis in the Supreme Court, County of Nassau, in the amount of $22,315.51, which operates as a lien against the Woodfield Property.

29.     On November 13, 2008, defendant DLJ commenced an action against defendant Apergis and others in the United States District Court, Eastern District of New York, titled DLJ Mortgage Capital v. Kontogiannis, Civil Case No.: 08-cv-4607 (the "DLJ Federal Action"), for RICO violation.

30.     On November 14, 2008, defendant DLJ filed with the Nassau County Clerk's Office a notice of pendency against the Woodfield Property in connection with the DLJ Federal Action.

31.     By way of a Memorandum and Order issued in the DLJ Federal Action on June 4, 2009, the United States District Court, Eastern District of New York (Honorable Robert M. Levy) vacated the notice of pendency filed by defendant DLJ with respect to the Woodfield Property.

32.     By way of Order to Show Cause, filed on November 13, 2008 in the DLJ Federal Action, defendant DLJ sought an order of attachment and preliminary injunction

with respect to the Woodfield Property, the 134-20 Property and the 134-22 Property, among other assets of the defendants named in said action.

33.     The grounds for defendant DLJ's application for an order of attachment with respect to the Woodfield Property in the DLJ Federal Action were allegations that defendant Apergis purportedly intended to fraudulently transfer her assets during the pendency of said litigation because she failed to record the deed to the Woodfield Property until about a week after her father, Thomas Kontogiannis, pled guilty in a criminal case brought in the United States District Court, Southern District of California, titled United States v. Kontogiannis, Criminal Case No.: 07-423 (the "Money Laundering Case"), in order to hide the said property from government detection.

34.     The grounds for defendant DLJ's application for an order of attachment with respect to the 134-20 Property in the DLJ Federal Action were allegations that defendant Apergis purportedly intended to fraudulently transfer her assets during the pendency of said litigation because she failed to record the deed to the 134-20 Property until after her father, Thomas Kontogiannis, pled guilty in the Money Laundering Case.

35.     The grounds for DLJ's application for an order of attachment with respect to the 134-22 Property in the DLJ Federal Action were allegations that defendant Apergis purportedly intended to fraudulently transfer her assets during the pendency of said litigation because she failed to record the deed to the 134-20 Property until several weeks before her father, Thomas Kontogiannis pled guilty in the Money Laundering Case.

36.     By way of a Memorandum and Order dated January 20, 2009 issued in the DLJ Federal Action, the United States District Court, Eastern District of New York (Honorable Eric N. Vitaliano) denied defendant DLJ's application for an order of attachment with respect to the Woodfield Property, the 134-20 Property and the 134-22 Property (the "January 20, 2009 Order").

37.     Annexed hereto, as Exhibit "A", is a true and complete copy of the January 20, 2009 Order, the contents of which are adopted and incorporated in their entirety as if more fully set forth herein at length.

38.     By way of a Memorandum and Order dated July 23, 2010, the United States District Court, Eastern District of New York dismissed the DLJ Federal Action.

39.     On or about April 9, 2010, defendant DLJ commenced an action in the Supreme Court, New York County, titled DLJ Mortgage Capital v. Halifax Group LLC, Index No.: 104675-2010 (the "DLJ State Action"), for fraud and other causes of action.

40.     By way of Order to Show Cause, filed on August 10, 2010 in the DLJ State Action, defendant DLJ sought to amend the complaint in said action to add as defendants therein those individuals and entities named as defendants in the dismissed DLJ Federal Action, and for other relief, including an order of attachment and preliminary injunction with respect to the Woodfield Property, the 134-20 Property and the 134-22 Property.

41.     In support of its application for an order of attachment with respect to the Woodfield Property, the 134-20 Property and the 134-22 Property in the DLJ State

-8-

Action, DLJ relied on the same allegations and arguments as those presented in support of its previously rejected application for the same relief in the DLJ Federal Action.

42.     Collectively annexed hereto, as Exhibit "B", are copies of the papers submitted by DLJ in support of its application for an order of attachment and preliminary injunction with respect to the Woodfield Property, the 134-20 Property and the 134-22 Property in the DLJ State Action, without the exhibits referenced therein.

43.     By way of an Order dated April 14, 2011, the Supreme Court, New York County granted DLJ's motion for an order of attachment with respect to the Woodfield Property, the 134-20 Property and the 134-22 Property in the DLJ State Action (the "DLJ Order of Attachment").

44.     On April 18, 2011, defendant DLJ filed with the Nassau County Clerk's Office a notice of the DLJ Order of Attachment against the Woodfield Property.

45.     On April 26, 2011, DLJ re-filed with the Nassau County Clerk's Office a notice of the DLJ Order of Attachment against the Woodfield Property.

46.     Upon information and belief, in or about April 2011, defendant DLJ filed with the Queens County Clerk's Office a notice of the DLJ Order of Attachment against the 134-20 Property and the 134-22 Property.

47.     No judgment has been rendered in favor of DLJ against defendant Apergis as of the date of commencement of this action.

48.    On January 29, 2010, defendant June filed with the Nassau County Clerk's Office a notice of pendency against the Woodfield Property in connection with cross-claims asserted against defendant Apergis in the Blue Ridge Action.

49.    No judgment has been rendered in favor of June against defendant Apergis as of the date of commencement of this action.

50.    On September 11 2009, defendant FDIC commenced an action against defendant Apergis in the United States District Court, Eastern District of New York, titled FDICl v. Kontogiannis, Civil Case No.: 09-cv-3936 (the "FDIC Action"), for fraud.

51.    On November 30, 2010, defendant FDIC filed with the Nassau County Clerk's Office a notice of pendency against the Woodfield Property in connection with the FDIC Action.

52.    No judgment has been rendered in favor of defendant FDIC against defendant Apergis as of the date of commencement of this action.

53.    The Supreme Court, Kings County (Honorable David I. Schmidt), by way of a Decision and Order dated April 25, 2012, granted plaintiffs' motion for summary judgment against defendant Apergis in the Blue Ridge Action and directed entry of a judgment against her therein.

54    On May 17, 2012, the Clerk of the Supreme Court, Kings County entered the Judgment in favor of plaintiffs against defendant Apergis in the Blue Ridge Action in the amount of $6,288,756.15, no part of which has been paid to date.

55.     Annexed hereto, as Exhibit "C", is a copy of plaintiffs' Judgment, the contents of which are adopted and incorporated in their entirety as if more fully set forth herein at length.

56.     On May 30, 2012, plaintiffs, in an effort to enforce their Judgment, delivered to the Nassau County Sheriff's Office an execution directed to defendant Apergis (the "Execution").

57.     Annexed hereto, as Exhibit "D", is a copy of the Execution, the contents of which are adopted and incorporated in their entirety as if more fully set forth herein.

58.     On June 22, 2012 plaintiffs filed with the Queens County Clerk's Office a transcript of their Judgment entered against defendant Apergis in the Blue Ridge Action, which operates as a lien against the 134-20 Property and the 134-22 Property.

59.     On June 28, 2012 plaintiffs filed with the Nassau County Clerk's Office a transcript of their Judgment entered against defendant Apergis in the Blue Ridge Action, which operates as a lien against the Woodfield Property.

60.     Defendant Apergis is currently renting the Woodfield Property to tenants at a monthly rental of $5,000.00.

61.     Defendant Apergis is currently renting the 134-20 Property and the 134-22 Property to one Grady Hodges pursuant to a lease agreement dated September 29, 2009, and is receiving rent for the use of such premises pursuant to the said lease.

## COUNT ONE

62.     Plaintiffs repeat and re-allege each and every allegation set forth in paragraphs "1" through "61" herein-above with the same full force and effect as if same had been more fully set forth herein at length.

63.     The purpose for which the USA Judgment was granted has been satisfied and the obligations secured thereby, ensuring the appearance of Elias Apergis in the Criminal Action, have been discharged.

64.     By reason of the satisfaction of the purpose for which the USA Judgment was granted and compliance with the obligations secured thereby, the USA Judgment must be discharged.

65.     By reason of the dismissal of the DLJ Federal Action, the notice of pendency filed by DLJ against the Woodfield Property in said action must be cancelled.

66.     Defendant June failed to adequately plead a cause of action in the Blue Ridge Action for imposition of a constructive trust so as to warrant a notice of pendency as against the Woodfield Property.

67.     By reason of the failure of defendant June to adequately plead a cause of action for imposition of a constructive trust in the Blue Ridge Action so as to warrant a notice of pendency as against the Woodfield Property, the notice of pendency filed by defendant June against the Woodfield Property in said action must be cancelled.

68.    Defendant FDIC failed to adequately plead a cause of action in the <u>FDIC Action</u> for imposition of a constructive trust so as to warrant a notice of pendency as against the <u>Woodfield Property</u>.

69.    By reason of the failure of defendant FDIC to adequately plead a cause of action for imposition of a constructive trust in the <u>FDIC Action</u> so as to warrant a notice of pendency as against the <u>Woodfield Property</u>, the notice of pendency filed by defendant FDIC against the <u>Woodfield Property</u> in said action must be cancelled.

70.    New York CPLR § 6201(3) provides that, to establish a right to an order of attachment, a plaintiff is required to show that the defendant has, or was about to conceal his property in one of the enumerated ways, and has acted or will act with the intent to defraud his creditors or to frustrate the enforcement of a judgment entered in their favor.

71.    On its application for the <u>DLJ Order of Attachment</u>, defendant DLJ failed to establish that defendant Apergis had, or was about to conceal her property in one of the ways enumerated in New York CPLR § 6201, and had acted or would act with the intent to defraud her creditors or to frustrate the enforcement of a judgment entered in their favor.

72.    According to the affidavit of DLJ's Vice President and Director, Bruce S. Kaiserman, submitted in support of DLJ's application for the <u>DLJ Order of Attachment</u> in the <u>DLJ State Action</u>, the true purpose of its application for an order of attachment was to secure its place as a creditor and ensure that defendant Apergis would still have assets

against which DLJ could enforce any potential judgment entered in its favor inasmuch as there existed a significant number of competing creditors.

73.    The purpose for which DLJ sought the <u>DLJ Order of Attachment</u> in the <u>DLJ Action</u> was improper and inappropriate as a court cannot lend its assistance by giving an unwarranted priority over a defendant's other creditors.

74.    The <u>DLJ Order of Attachment</u> issued in the <u>DLJ Action</u> gave defendant DLJ an unwarranted priority over defendant Apergis' other creditors.

75.    New York CPLR § 6221 specifically provides that, prior to the application of property or debt to the satisfaction of a judgment, any interested person may commence a special proceeding against the plaintiff to determine the rights of adverse claimants to the property or debt.

76.    By virtue of the Judgment issued in their favor in the <u>Blue Ridge Action</u> against defendant Apergis, and their claim to the property and assets of defendant Apergis for the purpose of satisfying such Judgment, plaintiffs are interested persons within the meaning of New York CPLR § 6221.

77.    New York CPLR § 6221 specifically provides that, upon the application of an interested person to determine the rights of adverse claimants to the property or debt, the court may vacate or discharge an attachment, void the levy, direct the disposition of the property or debt, direct that undertakings be provided or released, or direct that damages be awarded.

78.     New York CPLR § 6223 provides that, prior to the application of property to the satisfaction of a judgment, the defendant, the garnishee or any person having an interest in the property or debt may move, on notice to each party and the sheriff, for an order vacating or modifying an order of attachment issued against such property or debt.

79.     Plaintiffs, by virtue of their Judgment and their claim to the property and assets of defendant Apergis for the purpose of satisfying such Judgment, are interested persons within the meaning of New York CPLR § 6223.

80.     New York CPLR § 5239 specifically provides that, prior to the application of property or debt by a sheriff or receiver to the satisfaction of a judgment, any interested person may commence a special proceeding against the judgment creditor or other person with whom a dispute exists to determine rights in the property or debt.

81.     By virtue of the Judgment issued in their favor in the Blue Ridge Action against defendant Apergis, and their claim to the property and assets of defendant Apergis for the purpose of satisfying such Judgment, plaintiffs are interested persons within the meaning of New York CPLR § 5239.

82.     New York CPLR § 5239 provides that, prior to the application of property or debt by a sheriff or receiver to the satisfaction of a judgment, a court may vacate the execution or order, void the levy, or direct the disposition of the property or debt.

83.     By reason of the foregoing, the DLJ Order of Attachment issued against the assets of defendant Apergis was improvidently granted and should be vacated.

84.     Upon information and belief, the mortgage granted by Apergis to Coastal on the <u>Woodfield Property</u> has been satisfied and/or the obligation thereunder forgiven.

85.     According to New York CPLR § 5203(a), judgment creditors are entitled to a preference in the proceeds of sale in the order in which their judgments are docketed.

86.     The judgment entered in favor of defendant Florence against defendant Apergis in the Supreme Court, County of Suffolk, in the amount of $89,923.86, was the first enforceable judgment docketed as a lien against the <u>Woodfield Property</u>, having been filed on January 27, 2009.

87.     The judgment entered in favor of defendant Feldman against defendant Apergis in the Supreme Court, County of Nassau, in the amount of $22,315.51, was the second enforceable judgment docketed as a lien against the <u>Woodfield Property</u>, having been filed on July 29, 2010.

88.     The judgment entered in favor of plaintiffs against defendant Apergis in the Supreme Court, County of Kings, in the amount of $6,288,756.15, was the third enforceable judgment docketed as a lien against the <u>Woodfield Property</u>, having been filed on June 28, 2012.

89.     According to New York CPLR § 5228, at the request of a judgment creditor a receiver may be appointed to administer, collect or sell any real or personal property in which the judgment creditor has an interest or to do any other acts designed to satisfy the judgment.

90. Plaintiffs and defendants Florence and Feldman, as judgment creditors of defendant Apergis, are entitled to the appointment of a receiver to administer and sell the Woodfield Property and collect its rents and the proceeds of sale for the purpose of satisfying such judgments.

91. By reason of the foregoing, plaintiffs and defendants Florence and Feldman are entitled to receive the proceeds of sale of the Woodfield Property.

## COUNT TWO

92. Plaintiffs repeat and re-allege each and every allegation set forth in paragraphs "1" through "91" herein-above with the same full force and effect as if same had been more fully set forth herein at length.

93. Upon information and belief, the mortgage granted by defendant Apergis to IMC in the 134-20 Property has been fully satisfied and/or the obligation thereunder forgiven by defendant IMC.

94. The DLJ Order of Attachment was improvidently granted as to the 134-20 Property and should be vacated as to the 134-20 Property.

95. The judgment entered in favor of plaintiffs against defendant Apergis in the Supreme Court, County of Kings, in the amount of $6,288,756.15, is the only enforceable judgment docketed as a lien against the 134-20 Property.

96. According to New York CPLR § 5228, at the request of a judgment creditor a receiver may be appointed to administer, collect or sell any real or personal property in

-17-

which the judgment creditor has an interest or to do any other acts designed to satisfy the judgment.

97.    Plaintiffs, as judgment creditors of defendant Apergis, are entitled to the appointment of a receiver to administer and sell the 134-20 Property and collect its rents and the proceeds of sale for the purpose of satisfying such judgment.

98.    By reason of the foregoing, plaintiffs are entitled to receive the proceeds of sale of the 134-20 Property.

## COUNT THREE

99.    Plaintiffs repeat and re-allege each and every allegation set forth in paragraphs "1" through "98" herein-above with the same full force and effect as if same had been more fully set forth herein at length.

100.    Upon information and belief, the mortgage granted by defendant Apergis to IMC in the 134-22 Property has been fully satisfied and/or the obligation thereunder forgiven by defendant IMC.

101.    The DLJ Order of Attachment was improvidently granted as to the 134-22 Property and should be vacated as to the 134-22 Property.

102.    The judgment entered in favor of plaintiffs against defendant Apergis in the Supreme Court, County of Kings, in the amount of $6,288,756.15, is the only enforceable judgment docketed as a lien against the 134-22 Property.

103.    According to New York CPLR § 5228, a receiver may be appointed to administer or sell any real or personal property in which the judgment creditor has an interest or to do any other acts designed to satisfy the judgment.

104.    Plaintiffs, as judgment creditors of defendant Apergis, are entitled to the appointment of a receiver to administer and sell the 134-22 Property and collect its rents and the proceeds of sale for the purpose of satisfying such judgment.

105.    By reason of the foregoing, plaintiffs are entitled to receive the proceeds of sale of the 134-22 Property.

WHEREFORE, plaintiffs respectfully demand judgment as follows:

1.    As to Count One of the Complaint:

(a)    discharging the judgment by confession filed by defendant United States of America on June 19, 2009 against defendant Annette Apergis in the Supreme Court, County of Nassau, in the amount of $4,000,000.00, docketed as a lien against the real property located in the State of New York, County of Nassau, described as Block J-7, Lot 870, known by its street address as 16 Woodfield Lane, Old Brookville, New York;

(b)    cancelling the notice of pendency filed by defendant DLJ Mortgage Capital Inc. on November 14, 2008 with the Nassau County Clerk's Office against the real property located in the State of New York, County of Nassau, described as Block J-7, Lot 870, known by its street address as 16

Woodfield Lane, Old Brookville, New York, in the action commenced in

the United States District Court, Eastern District of New York, titled <u>DLJ</u>

<u>Mortgage Capital v. Kontogiannis</u>, Civil Case No.: 08-cv-4607;

(c)     vacating the order of attachment dated April 14, 2011, issued by the

Supreme Court, New York County in the action titled <u>DLJ Mortgage</u>

<u>Capital Inc. v. Halifax Group</u>, Index No.: 104675-2010, as it applies to the

real property located in the State of New York, County of Nassau, described

as Block J-7, Lot 870, known by its street address as 16 Woodfield Lane,

Old Brookville, New York;

(d)     cancelling the notice of pendency filed by defendant June Siegel on January

29, 2010 with the Nassau County Clerk's Office  against the real property

located in the State of New York, County of Nassau, described as Block J-

7, Lot 870, known by its street address as 16 Woodfield Lane, Old

Brookville, New York, in the action commenced in the Supreme Court,

County of Kings in an action titled <u>Blue Ridge Farms v. Kontogiannis</u>,

Index No.: 23246-2008;

(e)     cancelling the notice of pendency filed by defendant Federal Deposit

Insurance Corporation as Receiver for Washington Mutual Bank on

November 30, 2010 with the Nassau County Clerk's Office  against the real

property located in the State of New York, County of Nassau, described as

Block J-7, Lot 870, known by its street address as 16 Woodfield Lane, Old Brookville, New York, in the action commenced in in the United States District Court, Eastern District of New York, titled <u>FDICl v. Kontogiannis</u>, Civil Case No.: 09-cv-3936;

(f)     determining the validity and extent, if any, of that certain mortgage dated June 20, 2005, recorded with the Nassau County Clerk's Office on March 1, 2007, whereby defendant Annette Apergis granted defendant Coastal Capital Corp. a security interest, in the amount of $500,000.00, in the real property located in the State of New York, County of Nassau, described as Block J-7, Lot 870, known by its street address as 16 Woodfield Lane, Old Brookville, New York, and cancelling and discharging said mortgage as of record;

(g)     determining the priorities of the judgments entered in favor of each of the plaintiffs, defendant Florence Corp. and Samuel Feldman Lumber Co., Inc. in the proceeds of sale of the real property located in the State of New York, County of Nassau, described as Block J-7, Lot 870, known by its street address as 16 Woodfield Lane, Old Brookville, New York; and,

(h)     appointing a receiver to administer the real property located in the State of New York, County of Nassau, described as Block J-7, Lot 870, known by its street address as 16 Woodfield Lane, Old Brookville, New York, collect

-21-

the rents therefrom, sell same and apply the proceeds thereof to satisfy the

judgments entered in favor of each of plaintiffs, defendant Florence Corp.

and Samuel Feldman Lumber Co., Inc. against defendant Annette Apergis

under the direction of this Court;

2.    As to Count Two of the Complaint:

(a)    vacating the order of attachment dated April 14, 2011, issued by the

Supreme Court, New York County in the action titled <u>DLJ Mortgage</u>

<u>Capital Inc. v. Halifax Group</u>, Index No.: 104675-2010, as it applies to the

real property located in the State of New York, County of Queens,

described as Block 13204, Lot 112 , known by its street address as 134-20

241st Street, Rosedale, New York;

(b)    determining the validity and extent, if any, of that certain mortgage dated

October 3, 2002, recorded with the Office of the City Register, County of

Queens on July 12, 2007, whereby defendant Annette Apergis granted

defendant Interamerican Mortgage Corp. a security interest, in the amount

of in the amount of $232,000.00, in the real property located in the State of

New York, County of Queens, described as Block 13204, Lot 112 , known

by its street address as 134-20 241st Street, Rosedale, New York, and

cancelling and discharging said mortgage as of record;

(c)     appointing a receiver to administer the real property located in the State of New York, County of Queens, described as Block 13204, Lot 112 , known by its street address as 134-20 241st Street, Rosedale, New York, collect the rents therefrom, sell same and apply the proceeds thereof to satisfy the judgment entered in favor of plaintiffs against defendant Annette Apergis under the direction of this Court;

3.     As to Count Three of the Complaint:

(a)     vacating the order of attachment dated April 14, 2011, issued by the Supreme Court, New York County in the action titled DLJ Mortgage Capital Inc. v. Halifax Group, Index No.: 104675-2010, as it applies to the real property located in the State of New York, County of Queens, described as Block 13204, Lot 114 , known by its street address as 134-22 241st Street, Rosedale, New York;

(b)     determining the validity and extent, if any, of that certain mortgage dated May 29, 2003, recorded with the Office of the City Register, County of Queens on January 11, 2007, whereby defendant Annette Apergis granted defendant Interamerican Mortgage Corp. a security interest, in the amount of in the amount of $245,000.00, in the real property located in the State of New York, County of Queens, described as Block 13204, Lot 114 , known by its street address as 134-22 241st Street, Rosedale, New York, and

-23-

cancelling and discharging said mortgage as of record; and,

(c)    appointing a receiver to administer the real property located in the State of New York, County of Queens, described as Block 13204, Lot 114 , known by its street address as 134-22 241st Street, Rosedale, New York, collect the rents therefrom, sell same and apply the proceeds thereof to satisfy the judgment entered in favor of plaintiffs against defendant Annette Apergis under the direction of this Court;

4.    For such other and further relief as this Court deems just and proper, including attorney's fees and costs of this proceeding as against any defendant who disputes same.

Dated:    New York, New York
        October 22, 2012

MASSOUD & PASHKOFF, LLP
Attorneys for Plaintiffs

By: _____

Ahmed A. Massoud, Esq.
AAM:5361
600 Lexington Avenue
Tenth Floor
New York, New York 10022
(212) 207-6771